IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN J. ROLES, )
        Petitioner, )
)
vs. ) Civil Action No. 13-191J
) Judge Kim R. Gibson/
CAMBRIA COUNTY COURT ) Magistrate Judge Maureen P. Kelly
CRIMINAL, )
        Respondent. ) Re: ECF No. 5

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by the Respondent, ECF No. 5, be granted and that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), be dismissed without prejudice because Petitioner has failed to exhaust state court remedies. It is further respectfully recommended that a certificate of appealability be denied.

## II. REPORT

Brian J. Roles ("Petitioner") was convicted of homicide by vehicle in 2013. He was sentenced for this crime on September 25, 2013. On August 23, 2013, even before Petitioner was sentenced, he filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. 1. The sole issue that Petitioner raises in the Petition is that his speedy trial rights under the Sixth Amendment were violated. ECF No. 1 at 7. The Court ordered the Respondent to file an Answer. ECF No. 2. After being granted an extension of time to file an Answer, the Respondent filed a Motion to

Dismiss Without Prejudice the Petition and a Motion for Enlargement of Time within which to file a response to the Petition (the "Motion to Dismiss"). ECF No. 5.

In the Motion to Dismiss, Respondent points out that Petitioner has filed a Notice of Appeal with the Pennsylvania Superior Court concerning his conviction and, therefore, Petitioner has not exhausted his state court remedies. On November 14, 2013, Petitioner was ordered to file a response to the Respondent's Motion to Dismiss by December 6, 2013, explaining why the Petition should not be dismissed for his failure to exhaust state court remedies. ECF No. 6. On December 5, 2013, the envelope in which the Order directing Petitioner to respond was returned to the Court with a notation indicating that the envelope was received by the Cambria County Prison on November 16, 2013 and indicating: "Return to Sender, Attempted – Not Known, Unable to Forward." Petitioner did not file a change of address with the Clerk's Office until December 10, 2013. ECF No. 7. Petitioner was ordered to file a Response to the Motion to Dismiss. Petitioner filed his Response. ECF No. 8.

### A. Petitioner did not exhaust her state court remedies.

Congress has provided in 28 U.S.C. § 2254 that:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts
  of the State;
    . . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in
the courts of the State, within the meaning of this section, if he has the right under
the law of the State to raise, by any available procedure, the question presented.

Because Petitioner has a currently pending appeal in the Pennsylvania Superior Court concerning the very conviction that he seeks to attack via the current Petition in this Court, Petitioner has failed to exhaust his state court remedies. See, e.g., Rose v. Lundy, 455 at 518 (in habeas cases involving state prisoners, "federal courts apply the doctrine of comity, which teaches that one

court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, **and already cognizant of the litigation**, have had an opportunity to pass upon the matter.")(emphasis added); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998)("Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, **before** seeking habeas review in federal court.")(emphasis added). Accordingly, the Motion to Dismiss should be granted and the Petition dismissed without prejudice for failure to exhaust state court remedies.

### B. Certificate of Appealability

A certificate of appealability should be denied because jurists of reason would not disagree with the foregoing analysis.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed without prejudice because Petitioner has failed to exhaust state court remedies.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                Respectfully submitted,

Date:  February 5, 2013                    s/Maureen P. Kelly
                                                MAUREEN P. KELLY
                                                UNITED STATES MAGISTRATE JUDGE

cc:      The Honorable Kim R. Gibson
         United States District Judge

         BRIAN J. ROLES
         LF9465
         SCI-Camp Hill
         P.O. Box 200
         Camp Hill, PA 17001-8837