IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN J. ROLES,
          Petitioner,

vs.

CAMBRIA COUNTY COURT
CRIMINAL,
          Respondent.

Civil Action No. 13-191J
Judge Kim R. Gibson/
Magistrate Judge Maureen P. Kelly

## MEMORANDUM ORDER

The above-captioned pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (the "Petition")[5] was received by the Clerk of Court on August 26, 2013, and was referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 9, filed on February 5, 2014, recommended that the Respondents' Motion to Dismiss be granted because Petitioner failed to exhaust his state court remedies. Petitioner was informed that, in accordance with the

---

[5] Although Petitioner utilized the pre-printed form for habeas petitions filed pursuant to 28 U.S.C. § 2241, because he is a state prisoner who is challenging the validity of his state convictions, his petition is properly treated as having been filed pursuant to 28 U.S.C. § 2254. Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). See also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) ("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled."). Even if the present Petition could be properly deemed filed pursuant to 28 U.S.C. § 2241, Petitioner would still be required to have exhausted his state court remedies. Coady v. Vaughn, 251 F.3d at 488 ("While exhaustion is mandated by Section 2254, it has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. § 2241.")(internal quotations omitted); Walker v. Government of the Virgin Islands, 230 F.3d 82, 88 n.7 (3d Cir. 2000)("In addition, it bears noting that, while exhaustion is required by statute in section-2254 cases, it is also required in section-2241 cases.").

Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local rules, he had a specific period of time in which to file objections. Petitioner filed Objections, ECF No. 10, on February 18, 2014.

Nothing in those Objections merits rejection of the Report or extended comment. The only objection bearing mention is Petitioner's apparent contention that he has no available state court remedy to exhaust. See ECF No. 10 at 5, ¶ 7 ("The Commonwealth has led the Courts to believe that the above Petitioner was in procedural Default when in fact the Commonwealth's only remedie [sic] for writ of habeas corpus is a P.C.R.A. which is for post sentencing and not for Pretrial Detainees."). Petitioner is mistaken in his belief that his only remedy is by way of a P.C.R.A. petition to raise his speedy trial rights claim. See, e.g., Commonwealth v. Miskovitch, 64 A.3d 672 (Pa. Super. 2013) (entertaining a speedy trial right claim on direct appeal); Commonwealth v. Brown, 505 A.2d 295 (Pa. Super. 1986) (same). We take judicial notice of the fact that Petitioner has a currently pending direct appeal in the Pennsylvania Superior Court from the conviction which is the subject of the present Petition in this Court. Commonwealth v. Roles, No. 1652 WDA 2013 (Pa. Super. Notice of Appeal filed 10/4/2013). [6] Accordingly, he has not exhausted his state court remedies as the Report properly concluded. Williams v. Oriscello, 441 F.2d 1113, 1114 (3d Cir. 1971) ("Williams' direct appeal to the Appellate Division is now pending, and his counsel acknowledged at oral argument in this case that the alleged denial of a speedy trial is one of several points raised in the state appeal. Under these circumstances, we find that Williams has not exhausted his state remedies.").

---

[6] The docket for the appeal is available at:

http://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=1652+WDA+2013

(site last visited 2/19/2014).

2

None of Petitioner's other Objections bears mentioning. Hence, his Objections are OVERRULED.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 28th day of February, 2014,

IT IS HEREBY ORDERED that the Respondents' Motion to Dismiss is GRANTED and the Petition is dismissed without prejudice because Petitioner has failed to exhaust his state court remedies.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 9, filed on February 5, 2014, by Magistrate Judge Kelly, is adopted as the opinion of the Court. A certificate of appealability is DENIED as jurists of reason would not disagree with the procedural holding that Petitioner has failed to exhaust his state court remedies.

The Clerk is to mark the case closed.

Kim R. Gibson
U.S. District Judge

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

BRIAN J. ROLES
LF9465
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA 17001-8837

3